**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| COY L WHITE,<br><br>    Plaintiff,<br><br>v.<br><br>SHARON HAYDEN, CMA, *et al.*,<br><br>    Defendants. | §<br>§<br>§  CIVIL ACTION NO.  5:19-CV-00113-RWS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER

Plaintiff Coy White, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The Defendants remaining in the case are certified medical assistants Sharon Hayden and Daniel Gipson, Nurse Leslie Pickens, Nurse Practitioners Jammie Barker and Jamie Martin and Dr. Linda Walden. The Plaintiff's claims against other Defendants, including Dr. Kesireddy, Dr. Boyars, Dr. Silva, Dr. Motes, and Dr. Worsham, have previously been transferred to the United States District Court for the Southern District of Texas.

### I.     Background

Plaintiff complained of a fractured fibia and deep vein thrombosis in his left leg, suffered when he jumped from a top bunk at the Telford Unit on June 19, 2017. He was seen by Dr. Kesireddy and Dr. Boyars in Galveston but was discharged from the hospital with ten days of

Tylenol 3 and a blood thinner called warfarin but no crutches.

Plaintiff stated he was in G5 (close) custody, which has no accessible showers, and no one ordered physical therapy for him. He alleges that Hayden and Gipson interfered with his treatment by denying Tylenol 3 and warfarin. He further claims that Dr. Walden, Nurse Practitioners Martin and Barker, and Nurse Pickens denied his special needs requests. Dr. Motes, Dr. Silva, and Dr. Worsham, as well as an individual identified as Nguyen, did not perform surgery. Plaintiff stated that he did not receive surgery even though he was told he was scheduled for surgery on June 19, 2019.

Defendants moved to dismiss, arguing that Plaintiff had failed to state a claim upon which relief may be granted, to which Plaintiff filed a response, attaching a number of documents. These documents are properly considered as part of the pleadings when evaluating the motion to dismiss. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

## II.     The Report of the Magistrate Judge

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. Docket No. 20. The Magistrate Judge determined that Plaintiff's allegations against CMA's Hayden and Gipson were simply "naked assertions devoid of further factual enhancement" which amounted to no more than "an unadorned, the defendant-harmed-me accusation" and thus failed to state a claim upon which relief may be granted.

The Magistrate Judge stated that Plaintiff's documentation refuted his claims of deliberate indifference to his serious medical needs because he had been seen by the medical department on multiple occasions and treated with blood draws, several different kinds of medication, crutches, and a bottom row and bottom bunk pass. Although Plaintiff referred in a grievance to several items he wanted, including an IVC filter, non-skid shoes, foam wedge, electric shaver and soft

toothbrush, the Magistrate Judge determined that Plaintiff had offered no facts showing that the failure to provide these items amounted to deliberate indifference to his serious medical needs. The Magistrate Judge also stated that the fact that Dr. Walden had made rude and sarcastic remarks to Plaintiff did not show deliberate indifference.

Next, the Magistrate Judge concluded that Plaintiff's broad and conclusory allegations against Nurse Practitioner Jamie Martin did not state a claim upon which relief may be granted. Plaintiff had attached a communication from Nurse Practitioner Martin stating that Plaintiff no longer qualified for bottom bunk and bottom row restrictions due to recent policy changes by the University of Texas Medical Branch, and a health services referral request asked for an evaluation of Plaintiff for possible discontinuance of warfarin, and the Magistrate Judge stated that neither of these claims alleged deliberate indifference to serious medical needs.

The Magistrate Judge stated that Plaintiff's generalized allegations of wrongdoing by Nurse Practitioner Jammie Barker did not state a claim upon which relief may be granted. Although Plaintiff specifically complained that Nurse Practitioner Barker denied him medical shoes, the documentation he attached showed that she referred him to the prosthetic clinic at the Beto Unit for medical shoes, and the clinic denied the referral. Plaintiff did not offer facts showing that Nurse Practitioner Barker's referral amounted to deliberate indifference, nor that she was responsible for the clinic's denial of the referral.

Finally, the Magistrate Judge stated that Plaintiff did not offer any specific facts concerning Nurse Pickens, and the fact that she signed the responses to his sick call requests did not show deliberate indifference to his serious medical needs. The Magistrate Judge therefore recommended that the motion to dismiss be granted and the lawsuit dismissed without prejudice.

### III. Plaintiff's Objections

In his objections, Plaintiff states that he has not been allowed regular sessions in the Allred Unit law library and that he "objects to the USPS delay in delivering legal mail he has signed for six days after U.S. Magistrate Judge signed Report and Recommendation." Docket No. 21 at 1. He objects to Rule 12(b)(6) of the Federal Rules of Civil Procedure and asserts that the ultimate question in his case is whether "the disorganized lines of therapeutic responsibility contributed to an Eighth Amendment violation," which he says is a "question of law or a mixed question of fact and law," citing *Newman v. State of Alabama*, 503 F.2d 1320 (5th Cir. 1974). As a result of this purported question of law or mixed question of law and fact, Plaintiff asks for appointment of counsel and a medical expert witness.

Plaintiff further objects to the Magistrate Judge misconstruing his complaint, stating that the well-pleaded allegations—including allegations made on information and belief—should be accepted as true. He refers to FED. R. CIV. P. 34, which is a discovery rule governing production of documents, electronically stored information, tangible items, and inspection of land. Plaintiff again objects to Rule 12(b)(6), stating that the Court should dismiss the action only "if it appears inconceivable that plaintiff could produce reliable evidence justifying relief under any legal theory," citing *Conley v. Gibson*, 355 U.S. 41 (1957) (overruled by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007)). He argues that he has stated a claim upon which relief may be granted because he has shown the existence of a right (the Eighth Amendment), an injury (deep vein thrombosis) and a prayer for damages.

### IV. Discussion

A complaint fails to state a claim upon which relief may be granted when it does not contain sufficient factual matter, accepted as true, to state a claim to relief which is plausible on its face.

*Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). While all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

The Magistrate Judge correctly determined that Plaintiff failed to state a claim upon which relief may be granted. Plaintiff's allegations that Hayden and Gipson "intentionally interfered with treatment," unsupported by any dates, explanation of the circumstances or any other information is wholly conclusory and amounts to an unadorned, the-defendant-unlawfully-harmed-me accusation, which the Supreme Court has held is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, Plaintiff's general and conclusory allegation that Dr. Walden, Nurse Practitioners Martin and Barker, and Nurse Pickens "denied his special needs requests" does not contain sufficient factual matter to state a claim for relief which is plausible on its face. *See Smith v. Williams*, 464 F.App'x 417 (5th Cir. 2012). As the Magistrate Judge stated, the documents furnished by Plaintiff refute his claims of deliberate indifference, instead demonstrating that he received a significant quantum of medical care and that attempts to refer him to the prosthetic clinic for medical shoes were simply unsuccessful.

Plaintiff's objection to Rule 12(b)(6) lacks merit and does not show any basis for rejecting the Magistrate Judge's Report. While he is correct that well-pleaded allegations are accepted as true, the Fifth Circuit has held that conclusory allegations, unwarranted deductions, and legal conclusions are not "well-pleaded facts" for purposes of evaluating a complaint. *Alaska Electrical Pension Fund v. Flotek Industries, Inc.*, 915 F.3d 975, 981 (5th Cir. 2019). Thus, Plaintiff's conclusory allegations cannot be considered "well-pleaded facts." He has not shown any basis for appointment of counsel, and the Court lacks authority to appoint an expert witness even had Plaintiff shown a basis for such an appointment. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.

1995).

Although Plaintiff complains that he has been denied regular sessions in the Allred Unit law library and, during the system-wide lockdown engendered by the COVID-19 pandemic, prison officials have closed the unit law libraries, inmates may obtain legal materials through indirect access. More pertinently, the deficiencies in Plaintiff's complaint were not deficiencies of law or legal citations, but in the pleading of facts, for which no access to the law library was required. Plaintiff further asserts that he did not receive the Report until six days after it was signed but does not show how this prejudiced his legal position or otherwise harmed him. The Report specified Plaintiff had 14 days after being served with a copy in which to object, so his objection period did not begin to run until he received the Report. Plaintiff's objections are without merit.

### V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (Docket No. 14) is **GRANTED**. The above-styled civil action is **DISMISSED WITHOUT PREJUDICE**.

**So ORDERED and SIGNED this 24th day of September, 2020.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE